IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST CONSULTING GROUP, INC. and FCG CSI, INC., | ) ) ) |
| Plaintiffs, | ) ) No. 07-C-6577 |
| v. | ) ) Hon. James. B. Zagel |
| IMPACT ADVISORS, LLC, ANDREW SMITH, PETER SMITH, and MELANIE SWENSON, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiffs First Consulting Group, Inc. and FCG CSI, Inc. (collectively, "FCG") move the Court for leave to file the amended complaint ("Amended Complaint") – which will be filed separately with the Court in a sealed envelope, as required by the Protective Order entered March 31, 2008 – pursuant to Rule 15 and Rule 21 of the Federal Rules of Civil Procedure. FCG seeks leave to amend its complaint at this time because it has learned of additional facts during discovery that justify amendment of the complaint to plead additional claims for relief, and justice requires that all issues between the parties be fully litigated in this action.

**I.   BACKGROUND**

FCG filed its initial complaint on November 20, 2007, against three of its former Vice Presidents, Peter Smith, Andrew Smith, and Melanie Swenson (collectively, "Original Individual Defendants"), and the new firm they started to compete unlawfully against FCG, Impact Advisors, LLC ("IA," and collectively with the Original Individual Defendants, "Original Defendants"). The initial complaint alleged that the Original Individual Defendants had breached various post-termination obligations to FCG and that IA had tortiously interfered with

FCG's contracts and prospective economic relations by inducing those breaches. The Original Defendants filed their answer on December 18, 2007. The parties exchanged document requests on January 11, 2008 and January 22, 2008, and IA began its document production on February 19, 2008. The parties have not yet taken any depositions. Fact discovery is scheduled to close on May 30, 2008 and expert discovery is scheduled to close on July 18, 2008.

Documents produced by IA within the last five weeks demonstrate facts previously unknown to FCG: among other things, (1) Paula Elliott, another former FCG employee who has now joined IA, violated her fiduciary and contractual duties to FCG during and after her employment by passing FCG's confidential information to IA; (2) both Elliott and Stephen Egli, another former FCG employee, solicited, diverted and/or took away FCG's clients and/or employees after their employment in violation of their post-termination obligations; and (3) IA has continued to raid FCG's employees including in the period after the original complaint was filed, representing further violations of the Original Individual Defendants' post-termination obligations.

Additionally, FCG discovered in March 2008 that some of the data on the laptop computer that FCG had assigned to Andrew Smith had not been purged.[1] Following review of the recently located data, FCG discovered electronic files on the Andrew Smith laptop indicating other facts previously unknown to FCG: among other things, Peter Smith and Andrew Smith had usurped FCG's business opportunities and had begun to actively compete against FCG while still serving as executives of FCG, in breach of their fiduciary obligations to FCG. FCG promptly produced these files to the Defendants following their discovery on March 21, 2008.

---

[1] FCG's pre-filing search for the laptop computers of the Smiths and Swenson determined that all laptops had been purged.

Based on these results of discovery, FCG seeks to amend its initial complaint to: (1) join Paula Elliott and Stephen Egli as named defendants to the present lawsuit; (2) add claims for breach of fiduciary duty against Peter Smith, Andrew Smith, and Paula Elliott; (3) add a claim of violation of the Illinois Uniform Trade Secrets Act against Peter Smith, Andrew Smith, Paula Elliott and IA; (4) add additional claims of breach of contract against Peter Smith, Andrew Smith, Paula Elliott, and Stephen Egli; and (5) add further and additional claims of tortious interference with contract and/or prospective economic advantage against IA, Andrew Smith, Peter Smith, Paula Elliott, Melanie Swenson and Paula Elliott.

FCG did not make these claims in the initial complaint because the claims concern: (1) activities that the Smiths and Paula Elliott hid from FCG while in FCG's employ, including, but not limited to, the Smiths' violations of their fiduciary duties and the misappropriation of FCG's confidential information in violation of each of these defendants' fiduciary, contractual and statutory obligations; (2) activities in which the Original Individual Defendants, Paula Elliott, and Stephen Egli engaged without FCG's knowledge after leaving FCG's employ, including, but not limited to, soliciting customers and/or employees of FCG in violation of their fiduciary and contractual obligations; and (3) events that occurred after the initial complaint was filed, including, but not limited to, the further raiding of FCG clients and employees.

## II.  ARGUMENT

### A.  Standard For Leave To Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the Court may grant leave to a party to amend its pleading after the time for amendments allowed as a matter of course has passed. The rule instructs the Court to "freely give leave when justice so requires."

The Supreme Court has stated that "this mandate is to be heeded," and that "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962); see also *Salateski v. Marriott Intern., Inc.*, 256 F. Supp. 2d 808, 809 (N.D. Ill. 2003) (leave to amend a complaint should be freely given absent undue delay or prejudice to the opposing party) (citing *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)).

Rule 21 of the Federal Rules of Civil Procedure specifically governs the addition of new parties to a lawsuit, and provides in relevant part:

> Misjoinder of parties is not a ground for dismissing an action. On motion ... the court may at any time, on just terms, add or drop a party.

FED. R. CIV. P. 21. In deciding whether to allow joinder under Rule 21, the court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15. *Videojet Sys. Int'l, Inc. v. Inkjet, Inc.*, 1996 U.S. Dist. LEXIS 13965, at *6 (N.D. Ill. Sept. 23, 1996) (citing *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1479 (Fed. Cir. 1990), *aff'd*, 988 F.2d 129 (1993)).

Justice requires that FCG be granted leave to file its Amended Complaint as no conditions of undue delay or prejudice are present in this case.

### B. FCG Brings This Motion In Good Faith And Without Undue Delay

This motion is being filed in good faith by FCG and does not constitute undue delay. The amendments and additional claims sought by FCG directly result from the discovery recently obtained in this case and the facts on which they are based were not known to FCG at

the time of filing its initial complaint. Upon discovery of these additional facts, FCG promptly sought leave to file its amended complaint.

      **C.**    **Grant Of Leave To Amend Plaintiff's Complaint Will Not Result In Undue Prejudice To Opposing Parties**

The parties have only recently produced documents in this lawsuit. No depositions have yet been taken. Fact discovery remains open until May 30, 2008. No requests for extension of the existing schedule have yet been sought or granted. The proposed amendment should not delay disposition of this case. Finally, the additional parties FCG seeks to add (*i.e.*, Elliott and Egli) are current employees of Impact Advisors and prior employees of FCG. As such, they had constructive notice of the possibility of being made defendants in the present lawsuit at the time Impact Advisors was served with FCG's complaint.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs move that the Court grant leave to file their Amended Complaint – which will be filed separately with the Court in a sealed envelope, as required by the Protective Order entered March 31, 2008 – pursuant to Rule 15 and Rule 21 of the Federal Rules of Civil Procedure.

Dated: March 31, 2008                                  Respectfully submitted,

                                                                            /s/ Hudson T. Hollister
                                          One of the Attorneys for Plaintiffs
                                          First Consulting Group, Inc. and FCG CSI, Inc.

                                          Timothy B. Hardwicke
                                          Hudson T. Hollister
                                          LATHAM & WATKINS LLP
                                          Sears Tower, Suite 5800
                                          233 South Wacker Drive
                                          Chicago, Illinois  60606