## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

FIRST CONSULTING GROUP, INC. and )
FCG CSI, INC., )
                         )
         **Plaintiffs,** )
                         )      **No. 07 C 6577**
   **v.** )
                         )      **Judge James B. Zagel**
IMPACT ADVISORS, LLC, ANDREW )
SMITH, PETER SMITH, and MELANIE )
SWENSON, )
                         )
        **Defendants.** )
                         )

## STIPULATED PROTECTIVE ORDER

This matter is before the Court on the Joint Motion of the Parties for Entry of a Protective Order. It appearing that discovery in this action may require the production of information that is confidential and/or proprietary, and that good cause exists for the entry of an Order limiting the disclosure of such information, it is ORDERED that:

1.    "Confidential Information" as used herein means all personnel, employee, proprietary, business or other commercially sensitive information, whether documentary or otherwise, designated either as "Confidential" or "For Attorneys' Eyes Only" and delivered or produced by any party in this action in response to a request for production of documents or otherwise. Designation of Confidential Information shall be limited to such information the party producing or providing the information has an interest in preserving as

confidential and/or a responsibility to individuals in preserving their privacy rights.

2.     All documents produced by any party or witness in discovery in this action shall be treated as confidential, and their use or disclosure shall be governed by the terms of this Protective Order provided that the party or witness producing such documents or information designates them as either "Confidential" or "For Attorneys' Eyes Only" at the time of production.

3.     Confidential documents and information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action and shall not be used or employed for any other purpose whatsoever. Confidential Information shall not be disclosed or made available to anyone except:

(a)     the Court;

(b)     the parties to this action, and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action (including any mediation, arbitration, or other settlement process, as well as appeals of this action);

(c)     counsel for the parties to this action and employees of said counsel;

(d)     experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

(e)    third-party witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

(f)    court reporters engaged to record depositions, hearings or trials in this action.

Notwithstanding the above, any document designated "For Attorneys' Eyes Only" shall not be disclosed or made available to anyone except:

(a)    the Court;

(b)    Michael Zuercher, Corporate Counsel of Plaintiff First Consulting Group, Inc., and H. Ward Classen, Associate Deputy General Counsel of Computer Sciences Corporation, corporate parent of Plaintiff First Consulting Group, Inc.;

(c)    counsel for the parties to this action and employees of said counsel;

(d)    experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

(e)    third-party witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

(f)    court reporters engaged to record depositions, hearings or trials in this action.

4.    Disclosure of Confidential Information pursuant to this Order shall be handled as follows:

(a)    Any person described in subparagraphs 3(a), (b) and (c) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement;

(b)    Before Confidential Information is disclosed to any person set forth in subparagraphs 3(d) and (e) of this Order, the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A; and

(c)    As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding.

5.    Any Confidential Information which is filed with the Court (in any form whatsoever) shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title in this action, an indication of the nature and contents thereof, the legend "Confidential" and a statement substantially in the following form:

This envelope is sealed pursuant to an order of the Court and contains confidential information and is not to be opened or the contents thereof to be displayed or revealed by any person other than the Court or the attorneys for the parties except by order of the Court or pursuant to stipulation of the parties to this action.

6.    If a party or witness desires to designate any portion of a deposition as Confidential Information, the party or witness seeking the designation shall notify the court reporter and opposing counsel of record within 15 days after the deposition that such party or witness intends to designate certain portions of the deposition transcript as Confidential Information.  The designating party or witness shall have 30 days after receipt of the transcript to designate portions of the transcript as Confidential Information and inform counsel of record in writing of such designation.

7.    Nothing in this Order shall prevent the disclosure of Confidential Information beyond the terms of this Order if the party or witness who produced the information consents in advance in writing.

8.    This order shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from documents or information obtained (i) other than through discovery in this action, or (ii) from any person or entity with authority to provide such documents or information independent of any confidentiality requirement imposed by this Order.

9.    If any party hereto disagrees with the designation of any discovery materials as Confidential or For Attorneys' Eyes Only, that party shall give written notice to the designating party (which notice shall specify with particularity the document or other matter pursuant to which the challenge is made). Within 10 days after receipt of such notice, counsel for the party that produced the materials must determine whether to withdraw the designation. If the designation is withdrawn, counsel for the designating party shall give written notice of the change and shall substitute undesignated copies of the items. If counsel for the designating party does not withdraw the designation, the party making the challenge may file a motion with the Court with respect thereto. The parties agree that before seeking any relief from the Court, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential or for attorneys' eyes only under the terms of this Order unless and until the Court issues a final ruling that the material is not of a confidential nature.

10.    This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

11.    This Order shall remain in effect during the pendency of this case and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

12.    Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree to return to counsel of record producing such documents or to destroy, not later than 30 days after the termination of this litigation, including appeals, any and all documents, and copies thereof in their possession or control containing information which is the subject of this Order (including without limitation any notes, memoranda, reports, or other communications or documents prepared by any person at any time containing information subject to the terms of this Order). This paragraph does not apply to attorney work product in the form of attorney-prepared witness outlines or summaries for depositions or trial, which nonetheless shall remain confidential even following termination of this litigation.  In the event that a party elects to destroy the documents, as provided above, the parties agree that such party shall provide a letter to the opposing party certifying that the destruction has been completed within the 30-day period.

INTENTIONALLY LEFT BLANK

It is so ORDERED this 31st day of _March_____, 2008.

_____
Judge James B. Zagel

**CONSENTED TO:**

/s/Timothy B. Hardwicke          /s/Laurie A. Holmes_____
Timothy B. Hardwicke             Laurie A. Holmes
Latham & Watkins LLP             Drinker Biddle & Reath LLP
Sears Tower, Suite 5800          191 N. Wacker Drive, Suite 3700
233 South Wacker Drive           Chicago, Illinois 60606
Chicago, Illinois 60606          Attorney for Defendants
Attorney for Plaintiffs


/s/Michael Zuercher_____ /s/H. Ward Cassen_____
Michael Zuercher, Corporate Counsel   H. Ward Classen, Associate Deputy
First Consulting Group, Inc.     General Counsel, Computer Sciences
                                 Corporation

EXHIBIT A

CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of First Consulting Group, Inc., *et al.* v. Impact Advisors, LLC, *et al.* and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

I also agree to return to counsel of record not later than 30 days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

Signature: _____

Date: _____