IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST CONSULTING GROUP, INC., *et al.*, | ) |
| Plaintiffs, | ) |
| | ) No. 07 C 6577 |
| v. | ) |
| | ) Judge James B. Zagel |
| IMPACT ADVISORS, LLC, *et al.*, | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT

Andrew Smith, Peter Smith, Melanie Swenson and Impact Advisors, LLC (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 12(f), hereby submit this Motion to Strike Plaintiffs' Amended Complaint, and in support thereof state as follows:

1. On November 20, 2007, Plaintiffs First Consulting Group, Inc. and FCG CSI, Inc. (collectively, "FCG" or "Plaintiffs") filed a 21-page Complaint ("Complaint I") against the Defendants.

2. On December 18, 2007, Defendants filed their Answer and Affirmative Defenses to Complaint I.

3. On March 31, 2008, Plaintiffs filed a Motion for Leave to File Amended Complaint, Memorandum in Support thereof and a 47-page Proposed Amended Complaint ("Complaint II").

4. On April 2, 2008, Defendants filed an Opposition to the Motion to Amend, pointing out that (1) it was untimely, (2) it was based on information that had been in the custody of Plaintiffs for more than a year, and (3) that

Complaint II was drafted for an improper purpose – *i.e.*, to cause Defendants to spend substantial additional time and money to respond to a completely rehashed 174-paragraph complaint with multiple allegations per paragraph and filled with innuendo and histrionics, including an allegation of "cannibalism" in paragraph 6.

5. On April 3, 2008, at a hearing attended by both parties, the Court ordered Plaintiffs to provide a copy of Complaint II highlighted to show the changes made to Complaint I.

6. On April 8, 2008, counsel for both parties appeared again before the Court. A transcript of this proceeding is attached as Exhibit "A." During this hearing, the Court acknowledged that it would be a "pain in the neck" for Defendants to answer Complaint II, noting "it looks more like the kind of thing where you're going to have to do the same kind of research you do with a request for admission, which is a little burdensome." Transcript at 4.

7. Thus, the Court ordered Plaintiffs to "amend this one down to something more suitable to notice[] pleading." Transcript at 3. In an attempt to clarify, counsel for Defendants asked: "[Are they] supposed to . . . take their first complaint and then add the defendants and just add what they need to add?" Transcript at 7. The Court responded: "Your classic skeleton notice[] pleading."

8. On April 9, 2008, Plaintiffs filed a 38-page Amended Complaint ("Complaint III") in complete abrogation of the Court's order. Instead of taking Complaint I (which has already been answered) and *adding* only the necessary

information in "skeleton" form, Plaintiffs simply took Complaint II and deleted a *minimal* number of paragraphs. Indeed, roughly 156 of the 174 paragraphs that are in Complaint II also appear in Complaint III in their entirety.

9. In short, instead of abiding by the Court's order to prepare and file a complaint suitable for notice pleading, Plaintiffs have minimally edited their original, over-the-top document which the Court has already rejected.

WHEREFORE, Defendants respectfully request that this Court enter an order:

(i) Striking the Amended Complaint filed by Plaintiffs on April 9, 2008;

(ii) Granting Defendants its attorneys' fees and costs for preparing and filing this Motion; and

(iv) Granting such other relief as the Court deems just and equitable.

Dated: April 11, 2008

Respectfully Submitted,

Impact Advisors, LLC, Andrew Smith, Peter Smith and Melanie Swenson

  s/Laurie A. Holmes
Laurie A. Holmes, Esq. (ARDC #6282262)
Erik K. Eisenmann (ARDC #6292766)
Drinker Biddle & Reath LLP
191 N. Wacker Drive, Suite 3700
Chicago, Illinois 60606
Attorney for Defendants